1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT
9                        CENTRAL DISTRICT OF CALIFORNIA
10
11  ANTONIO FERNANDEZ,                    Case No.: 2:22-cv-02022-MEMF(JEMx)
12                     Plaintiff,         **ORDER TO SHOW CAUSE WHY THE
                                          COURT SHOULD NOT DECLINE TO
13          v.                            EXERCISE SUPPLEMENTAL
                                          JURISDICTION OVER PLAINTIFF'S
14                                        STATE LAW CLAIMS**
    QUAN FAMILY LIMITED LIABILITY
15  COMPANY,
16                     Defendant.
17
18
19
20         On March 27, 2022, Plaintiff Antonio Fernandez filed a Complaint against Defendant Quan
21  Family Limited Liability Company, asserting: (1) a claim for injunctive relief and equitable nominal
22  damages arising out of an alleged violation of the Americans with Disabilities Act ("ADA"), 42
23  U.S.C. §§ 12010–12213; and (2) a claim for injunctive relief and damages pursuant to California's
24  Unruh Civil Rights Act ("Unruh Act"), CAL. CIV. CODE §§ 51-52 et seq. ECF No. 1. The Complaint
25  alleges that this Court has jurisdiction over the ADA claim pursuant to 28 U.S.C. §§ 1331 and 1343,
26  and that the state law claims are brought "pursuant to supplemental jurisdiction." *Id.* ¶¶ 5–6.
27         Principles of supplemental jurisdiction are codified in 28 U.S.C. § 1367. The supplemental
28  jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental

jurisdiction, 'a federal court should consider and weigh in each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness, and comity.'" *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

California law sets forth a heightened pleading standard for a limited group of lawsuits brought under the Unruh Act. *See* CAL. CIV. PROC. CODE § 425.55(a)(2) & (3). The stricter pleading standard requires certain plaintiffs bringing construction-access claims, like the one in the instant case, to file a verified complaint alleging specific facts concerning the plaintiff's claim, including the specific barriers encountered, how the plaintiff was deterred, and each date on which the plaintiff encountered each barrier or was deterred. *See* CAL. CIV. PROC. CODE § 425.50(a). A "high-frequency litigant fee" is also imposed on certain plaintiffs and law firms bringing these claims. *See* CAL. GOV'T CODE § 70616.5.

In light of the foregoing, the Court ORDERS Plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim. *See* 28 U.S.C. § 1367(c). In responding to this Order to Show Cause, Plaintiff shall identify the amount of statutory damages Plaintiff seeks to recover. Plaintiff and his counsel shall also support their responses to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Code of Civil Procedure §§ 425.55(b)(1) & (2).

/ / /

/ / /

Plaintiff shall file a Response to this Order to Show Cause by April 20, 2022. The failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the Court declining to exercise supplemental jurisdiction over the Unruh Act claim pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**

Dated: April 6, 2022

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge