O, JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO FERNANDEZ,<br><br>                Plaintiff,<br><br>      v.<br><br>QUAN FAMILY LIMITED LIABILITY COMPANY, a California limited liability company,<br><br>                Defendant. | Case No.:  2:22-cv-02022-MEMF-JEM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS AND DEFENDANT'S REQUEST FOR JUDICIAL NOTICE [ECF NOS. 44, 46-3]** |

     Before the Court is the Motion to Dismiss filed by Plaintiff Antonio Fernandez (ECF No. 44) and Request for Judicial Notice (ECF No. 46-3) filed by Defendant Quan Family Limited Liability Company. The Court finds the Motion to Dismiss and Request for Judicial Notice appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. For the reasons stated herein, the Court hereby GRANTS the Motion to Dismiss and GRANTS the Request for Judicial Notice.

/ / /

/ / /

# BACKGROUND

## I. Factual Background[1]

Plaintiff Antonio Fernandez ("Fernandez") is a California resident with physical disabilities. Compl. ¶ 1. Specifically, Fernandez is paralyzed from the waist down and needs to use a wheelchair for mobility. *Id.*

Defendant Quan Family Limited Liability Company ("Quan Family") operates "Leon Glass," a business located in Los Angeles. Compl. ¶ 3. In July 2021, Fernandez visited Leon Glass both to patronize the business but also to determine if Leon Glass was operating in conformance with disability access laws. Compl. ¶ 8. During this visit, Fernandez encountered an obstacle—an unramped step at the entrance of Leon Glass. Compl. ¶ 12. Fernandez could not get in alone, and Fernandez's caregiver had to find a Leon Glass employee to help Fernandez outside. *Id.*

## II. Procedural History

On March 27, 2022, Fernandez initiated the present action. ECF No. 1. Fernandez's Complaint lists two causes of action for violation of the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("Unruh Act"). Compl. at pp. 4–6.

On April 6, 2022, the Court issued an Order to Show Cause Why the Court Should Not Decline to Exercise Supplemental Jurisdiction over Plaintiff's State Law Claim ("OSC"). ECF No. 11. Fernandez filed a response to the OSC on April 20, 2020. ECF No. 13 ("Response"). During this time, the parties held settlement talks, but were unable to reach a settlement. *See* ECF No. 31.

On March 6, 2023, the Court issued an Order Declining to Exercise Supplemental Jurisdiction over Plaintiff's Unruh Act Claim (the "Order"). ECF No. 42.

On May 2, 2023, Fernandez filed the instant Motion to Dismiss. ECF No. 44 ("Motion" or "Mot."). The Motion is fully briefed. *See* ECF Nos. 46 ("Opposition" or "Opp'n"), 51 ("Reply").[2] In

---

[1] All facts stated herein are taken from the allegations in Plaintiff Antonio Fernandez's Complaint ("Compl.") unless otherwise indicated. ECF No. 1. For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they *are* true.

[2] Quan Family initially filed their Opposition as a Counter Motion to Dismiss. *See* ECF No. 45. On May 18, 2023, the Quan Family filed a notice of errata stating that the Opposition was mistakenly filed as a Counter Motion and re-filed under the correct event. *See* ECF Nos. 46, 47. It appears Fernandez missed the notice of

2

its Opposition, Quan Family requests that the Court award it fees and costs as the prevailing party should Fernandez's Motion be granted.

On September 19, 2023, the Court took the matter under submission. *See* ECF No. 52.

### REQUEST FOR JUDICIAL NOTICE

Quan Family seeks judicial notice of a complaint filed in another action by Fernandez's law firm against Quan Family. ECF No. 46-3 ("RJN").

### I. APPLICABLE LAW

A court may take judicial notice of facts not subject to reasonable dispute where the facts "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this standard, courts may take judicial notice of "undisputed matters of public record," but generally may not take judicial notice of "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

### II. DISCUSSION

Here, judicial notice is appropriate because the complaint is a public record. Thus, the Court takes judicial notice of the existence of the complaint, but not the disputed facts therein.

### MOTION TO DISMISS

### I. Applicable Law

Unless dismissal without a court order is permitted, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Such a request should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands*

---

errata because Fernandez filed an opposition, which was identical in all material aspects to the Reply, to the Counter Motion to Dismiss. ECF No. 50. Because the Counter-Motion is identical to the Motion, and the Opposition to the Counter-Motion is identical to the Reply in support of the Motion, the Court only addresses the Motion, Opposition to the Motion, and Reply in support of the Motion.

*Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Uncertainty arising from an unresolved dispute, or the threat of future litigation is not plain legal prejudice. *See id.*

Similarly, "[the] expense incurred in defending against a lawsuit does not amount to legal prejudice." *Id.* But a court can protect a defendant's interests by "conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees." *Id; see also Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (The imposition of costs "is usually considered necessary for the protection of the defendant."). Such imposition of costs and fees lies within the sound discretion of the court and is not mandatory. *Id.*

Unless the order states otherwise, a dismissal under Rule 41 is without prejudice. Fed. R. Civ. P. 41(a)(2).

## II. Discussion

Granting the Motion will not result in any legal prejudice to Quan Family. The only prejudice that Quan Family points to is the $15,000 it has spent litigating the present action (Opp'n at 3), but the Ninth Circuit has held that this expense is not legal prejudice. *Westlands Water Dist.*, 100 F.3d at 97. Thus, Quan Family fails to show that it will suffer some plain legal prejudice if this case is dismissed.[3]

The Quan Family additionally requests that the Court award it appropriate fees and costs if the Motion is granted, which is permissible. Opp'n at 3–4. Courts generally consider the following factors in determining whether to award costs and attorney's fees after a voluntary dismissal without prejudice. "(1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." 8 Moore's Federal Practice § 41.40 (2023).

---

[3] Although the Court notes that Fernandez's firm has sued the Quan Family for similar reasons in the past, RJN, that case and subsequent settlement is not relevant to the legal prejudice Quan Family could suffer from dismissal here.

Here, the Court declines to award attorneys' fees because most, if not all, of the attorney time spent in this action will be useful in the state action.[4] For example, assuming Fernandez survives a demurrer in the state action, Quan Family will have to file a responsive pleading. Quan Family can "recycle" some of the material from the answer filed in this action, such as its affirmative defenses. The other costly matter was one-day mediation the parties held on September 12, 2022. *See* ECF No. 31. The parties did not manage to settle then, but the mediation provided the parties with some starting point that the parties can build upon for future negotiations. Moreover, the mediation was held before the Court's Order declining to exercise supplemental jurisdiction, so both the ADA and Unruh Act claim—the two claims that will be at issue in the state action—were on the table for discussion. Finally, the remaining two factors also weigh in favor of declining to award attorneys' fees: The litigation is in its early stages and Fernandez moved to dismiss diligently—about two months after the Court declined to exercise supplemental jurisdiction over Fernandez's Unruh Act claim.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Fernandez's Motion and Quan Family's Request for Judicial Notice and DENIES Quan Family's Request for Attorney's Fees and Costs.

IT IS SO ORDERED.

Dated: September 26, 2023

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

---

[4] Although Quan Family requests fees and costs, the declaration filed in support of its request only points to $15,000 in fees. Accordingly, the Court only addresses fees.